# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 27, 2021
Decided June 7, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 20-2969

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:18CR00354-001 |
| ROLAND J. MCLAIN, *Defendant-Appellant*. | Sarah Evans Barker, *Judge*. |

**O R D E R**

Roland McLain pleaded guilty to possessing methamphetamine and cocaine with intent to distribute, *see* 21 U.S.C. § 841(a)(1), and to being a felon in possession of a firearm, *see* 21 U.S.C. § 922(g)(1). The district court held that his two prior Indiana convictions for dealing marijuana, hash oil, hashish, or salvia, *see* Ind. Code § 35-48-4-10, involved a "controlled substance" under the Sentencing Guidelines and thus increased his sentencing range, *see* U.S.S.G. § 4B1.1(a). On appeal McLain argues that Indiana's marijuana-trafficking law is broader than the federal definition, so it should not count as a "controlled substance offense" under the Guidelines.

McLain's arguments are foreclosed by *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020), and *United States v. Wallace*, 991 F.3d 810 (7th Cir. 2021), and we decline his invitation to revisit those decisions. In *Ruth* we rejected an argument that the term "controlled substance," as defined in U.S.S.G. § 4B1.2(b), refers only to a substance banned by the federal Controlled Substances Act, 21 U.S.C. § 802(6). The defendant there argued that because the Illinois statute under which he was convicted prohibits distribution of "positional isomers" of cocaine and the Controlled Substances Act does not, a conviction under the Illinois statute does not involve a "controlled substance" under § 4B1.2(b) and thus cannot be used to increase the sentencing range under § 4B1.1. We disagreed, explaining that the Guidelines' use of the term "controlled substance" broadly refers to the ordinary meaning of that term—not just to the federal Controlled Substances Act—and that the ordinary meaning includes Illinois's definition. *Ruth*, 966 F.3d at 654.

In *Wallace*, we were urged to revisit and overrule *Ruth* but declined to do so. 991 F.3d at 817. Alternatively, we were asked to hold that the Illinois statute is broader than *Ruth*'s ordinary-meaning definition of "controlled substance" because positional isomers of cocaine are not psychoactive. We rejected this argument too, noting that *Ruth* itself involved the Illinois statute and that positional isomers of cocaine "fit the natural meaning of 'controlled substance.'" *Id.* We also declined the defendant's invitation to "speculate about whether [positional isomers of cocaine] alter behavior." *Id.*

McLain was convicted under the Indiana statute for dealing marijuana rather than the Illinois cocaine-trafficking statute at issue in *Ruth* and *Wallace*, but he does not argue that his case can be distinguished on this basis. The Indiana statute prohibits dealing marijuana, hash oil, hashish, or salvia and thus is broader than the federal definition, which does not include salvia. *See United States v. Garcia*, 948 F.3d 789, 793 (7th Cir. 2020). But salvia fits the natural meaning of "controlled substance" because it is expressly controlled by Indiana law. *See Wallace*, 991 F.3d at 817. We conclude that McLain's convictions under Indiana law are controlled substance offenses under the career-offender guideline's broad definition. *See Ruth*, 966 F.3d at 654.

McLain makes arguments we rejected in *Ruth* and *Wallace* (and no others). We therefore summarily AFFIRM the judgment.